MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:    2026 ME 57
Docket:      Lin-25-379
Argued:      May 7, 2026
Decided:     July 9, 2026

Panel:       STANFILL, C.J., and MEAD, CONNORS, LAWRENCE, DOUGLAS, LIPEZ, and TAUB, JJ.

STATE OF MAINE

v.

THOMAS W. COST

MEAD, J.

[¶1]  Thomas W. Cost appeals from a judgment of conviction for domestic violence criminal threatening (Class D), 17-A M.R.S. § 209-A(1)(A) (2023),[1] entered in the trial court (Lincoln County, *Billings, J.*) after a jury trial.  Cost argues that the court committed obvious error in failing to provide a self-defense jury instruction for the charge of domestic violence criminal threatening because the facts alone were sufficient to generate the need for the instruction.  We discern no error in the court's failure to provide a self-defense instruction on the charge and affirm the conviction.

---

[1] Title 17-A M.R.S. § 209-A(1)(A) has since been amended, though not in any way that affects this appeal.  *See* P.L. 2023, ch. 465, § 7 (effective Oct. 25, 2023) (codified at 17-A M.R.S. § 209-A(1)(A) (2026)).

## I. BACKGROUND

### A.    Facts

[¶2]  "Viewing the evidence in the light most favorable to the State, the jury could rationally have found the following facts beyond a reasonable doubt."  *State v. Schooley*, 2025 ME 84, ¶ 2, 345 A.3d 78.

[¶3]  Cost and the victim were in a domestic relationship for several years.  On October 20, 2023, Cost and the victim became involved in an argument during the late evening hours in their shared home.  The altercation escalated to physical contact.

### B.    Procedure

[¶4]  On November 9, 2023, Cost was charged by complaint with domestic violence assault (Class D), 17-A M.R.S. § 207-A(1)(A) (2023),[2] and domestic violence criminal threatening (Class D), 17-A M.R.S. § 209-A.

[¶5]  A jury trial took place on April 15 and 16, 2025.  At trial, both Cost and the victim testified regarding the events that gave rise to the charges.

[¶6]  Cost testified that, after being provoked by the victim, he restrained her by taking hold of her arms and escorted her to the bedroom where he sat

---

[2]  Title 17-A M.R.S. § 207-A(1)(A) has since been amended, though not in any way that affects this appeal.  *See* P.L. 2023, ch. 465, § 2 (effective Oct. 25, 2023) (codified at 17-A M.R.S. § 207-A(1)(A) (2026)).

her down on the bed. He then stated that, while still holding her arms, he told her, "stop attacking me, stop attacking me, are you done, are you done."

[¶7] The victim, in stark contrast to Cost's testimony, stated that Cost pinned her down on to the bed, restrained one of her arms, and twice told her "I will kill you" while driving his elbow into the side of her face. The victim testified that she feared for her life during the attack and that the threat to kill her was made while Cost was hurting her. She further testified that this was the first time that Cost had threatened to kill her.

[¶8] The State, in closing, emphasized that the criminal threatening charge was based on Cost's spoken statement, "I will kill you."

[¶9] The court provided the jury with a self-defense instruction as to only the assault charge. Neither party objected to the instructions or suggested additional instructions. The jury returned a not-guilty verdict on the charge of domestic violence assault and a guilty verdict on the charge of domestic violence criminal threatening.

[¶10] Cost filed a motion for a new trial on May 5, 2025. The court denied the motion on May 23, 2025. Cost timely appealed from the judgment on June 12, 2025. *See* M.R. App. P. 2B(b)(2)(C).

4

## II. DISCUSSION

[¶11] Cost argues that the court's failure to provide a self-defense instruction as to the criminal-threatening charge constitutes obvious error.

[¶12] "We review jury instructions as a whole for prejudicial error, and to ensure that they informed the jury correctly and fairly in all necessary respects of the governing law. Further, when the claimed error is the omission of a particular instruction, we will vacate the judgment only if the record contains evidence that could rationally lead to a contrary finding with respect to the omitted element." *State v. Hofland*, 2012 ME 129, ¶ 18, 58 A.3d 1023 (alteration, citation, and quotation marks omitted).

[¶13] "When, as here, no objection was made to the instructions as given, we review the instructions only for obvious error, that is, highly prejudicial error tending to produce manifest injustice." *State v. Villacci*, 2018 ME 80, ¶ 9, 187 A.3d 576 (footnote and quotation marks omitted).

[¶14] Cost did not request a self-defense instruction to either charge at trial despite having numerous opportunities to do so. Rather, the court provided the self-defense instruction as to the first charge without being requested to do so. The self-defense justification contained in 17-A M.R.S. § 108(1) (2026) provides, in relevant part, that "[a] person is justified in using

a reasonable degree of nondeadly force upon another person in order to defend the person . . . from what the person reasonably believes to be the imminent use of unlawful, nondeadly force by such other person." To be entitled to an instruction on the justification of self-defense, the defense must be generated by the evidence presented. *See State v. Herzog*, 2012 ME 73, ¶¶ 8-9, 44 A.3d 307.

[¶15] In this case, Cost's testimony fails to generate a basis for a self-defense instruction regarding the statements attributed to him (i.e., "I will kill you; I will kill you") in part because Cost never acknowledged making them. Instead, he testified that after restraining the victim on the bed and holding onto her arms, he simply said, "stop attacking me, stop attacking me, are you done, are you done." In addition, under Cost's own version of events, the victim was restrained at the time of his statements, and the trial record is devoid of any other evidence suggesting that the victim was imminently going to use nondeadly force against him at the time. Thus, the evidence, taken as a whole, fails to generate a self-defense instruction. The court committed no error, and certainly not obvious error, by failing to provide a self-defense instruction to the criminal-threatening charge.[3]

---

[3] Threatening to use deadly force is inherently nondeadly force. *See* 17-A M.R.S. § 108; *State v. Cannell*, 2007 ME 30, ¶ 7, 916 A.2d 231. We have not yet addressed whether words alone—a threat

The entry is:

Judgment affirmed.

---

Scott F. Hess, Esq. (orally), The Law Office of Scott F. Hess, LLC, Augusta, for appellant Thomas W. Cost

Natasha Irving, District Attorney, and Kent G. Murdick, Asst. Dist. Atty. (orally), Lincoln County District Attorney's Office, Wiscasset, for appellee State of Maine

Lincoln County Unified Criminal Docket docket number CR-2023-727
FOR CLERK REFERENCE ONLY

---

to kill—could constitute "nondeadly force" justifiably used to defend against an imminent threat of nondeadly force and thereby generate a self-defense instruction in a trial on a charge of criminal threatening pursuant to 17-A M.R.S. § 108. We do not address that question here because we conclude that the issue has not been raised by the evidence.